UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAKELIAH POULLARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-2439-B |
| | § | |
| GATEWAY BUICK GMC LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Gateway Buick GMC, LLC ("Gateway")'s Motion to Dismiss (Doc. 45) and Defendant Randy Jones ("Jones")'s Motion to Dismiss (Doc. 46). For the reasons that follow, the Court **GRANTS** the motions and **DISMISSES** Plaintiff Makeliah Poullard ("Poullard")'s claims. The Court, however, **GRANTS** Poullard leave to amend her complaint to address the deficiencies identified in this Order.

## I.

## BACKGROUND[1]

This is a civil-rights case. Poullard, who alleges she is innocent, was arrested by Defendant Jones for fraudulent use of another's identifying information and detained until the charge against her was eventually dropped. Poullard brings suit premised on this arrest.

In April 2018, Jane Doe, an unidentified black female, purchased a vehicle from Gateway using false credentials. Doc. 42, Am. Compl., ¶¶ 8–9. Eric Brown is the sales associate who sold the

---

[1] The Court derives the factual background from Poullard's First Amended Complaint (Doc. 42).

vehicle to Jane Doe. *Id.* ¶ 11. Later, a gentleman named Alvin Sanders was discovered in possession of the vehicle. *Id.* ¶¶ 11–12. According to Poullard, Sanders acted in concert with Jane Doe to purchase the vehicle. *Id.* ¶ 11. Sanders was arrested, and in order to determine Jane Doe's identity, police "focused [on] . . . those known to be relatives or associates of" Sanders. *Id.* ¶¶ 12, 14.

Poullard avers that Jones, a police detective, "settled on a decision early on to closely investigate" her. *Id.* ¶ 15. Poullard alleges that "[d]espite not having close contact or a close relationship with Sanders, [she] was subjected to increased scrutiny because she was a relative of Sanders and because she was a black female." *Id.* Poullard contends that, "[a]t the time that the subject vehicle was purchased by Jane Doe and Sanders, [she] was working her usual shift as an associate at the Waffle House restaurant in the City of Fate, Texas" and therefore could not be Jane Doe. *Id.* ¶ 22.

It is undisputed that Brown, the sales associate who sold the vehicle to Jane Doe, positively identified Poullard as Jane Doe upon being presented with Poullard's photo by police. *Id.* ¶ 18; Doc. 46-1, Jones's Ex. 1. Following Brown's identification, Jones swore to an arrest warrant affidavit and obtained a warrant for Poullard's arrest for "[f]raudulent use or possession of [i]dentifying [i]nformation," a third-degree felony.[2] *Id.* ¶ 20; Doc. 46-2, Jones's Ex. 2. In his arrest warrant affidavit, Jones swears that "Brown picked Poullard out of a photo lineup that . . . consisted of *six* black females of similar characteristics." Doc. 46-2, Jones's Ex. 2. However, Poullard alleges that "the only image shown to Brown was the image of [Poullard]" and there was "no other person or suspect

---

[2] Jones attaches to his motion to dismiss the arrest warrant, the arrest warrant affidavit, and a copy of a grand jury's indictment. *See* Doc. 47-1, Jones's Ex. 1; Doc. 47-2, Jones's Ex. ; Doc. 47-3, Jones's Ex. 3. The extent to which the Court takes judicial notice of each is discussed in full below.

from which Brown could choose[.]"[3] Doc. 42, Am. Compl., ¶ 17. Poullard claims that "Brown, upon seeing the image of [Poullard] and recognizing her as a black female, concluded that Plaintiff must have been Jane Doe and responsible for fraudulently purchasing the subject vehicle based on the information provided to him by detective," and therefore identified Poullard as Jane Doe. *Id.* ¶¶ 18–19. According to Poullard, "in a misguided effort to pin the crime on anyone associated with Sanders[,]" Jones "misrepresented the process used to identify [her] as a target of his investigation" *Id.* ¶¶ 20, 24.

On August 22, 2018, pursuant to the warrant, Poullard was arrested while she "was working her usual shift" at Waffle House. *Id.* ¶ 23. Sometime after her arrest, Jones was indicted by a Rockwall County grand jury for the same offense. Doc. 46-3, Jones's Ex. 3. Ultimately, after spending nine months in jail awaiting trial—and maintaining her innocence throughout—"all charges against [Poullard] in Rockwall County were dismissed and [she] was freed from jail." Doc. 42, Am. Compl., ¶ 34.

Poullard filed the pending lawsuit on August 21, 2020, bringing claims against Gateway, Jones, the City of Fate, and Lorne Megyesi (then-Mayor of Fate). *See* Doc. 1, Compl. Each defendant moved to dismiss Poullard's claims in their entirety, and on June 10, 2021, the Court granted Defendants' motions. Doc. 41, Mem. Op. & Order. The Court did, however, grant Poullard leave

---

[3] The Court addresses this discrepancy and its relevance to the pending motions below.

to amend her complaint as to her claims that were not dismissed with prejudice.[4] Poullard filed her Amended Complaint (Doc. 42) on July 12, 2012.

Poullard's amended pleading makes just two claims. First, she brings a state claim for malicious prosecution against Gateway. Doc. 42, Am. Compl., ¶¶ 43–48. Second, she brings a constitutional claim under 42 U.S.C. § 1983 against Jones for false arrest. *Id.* ¶¶ 45–42. Gateway and Jones have each filed timely motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Each motion is fully briefed and ripe for consideration. The Court considers them below.

## II.

## LEGAL STANDARDS

A.    *Federal Rule of Civil Procedure 12(b)(6)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). If a plaintiff's complaint fails to state such a claim, Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss. In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted). However, the Court may "take judicial notice of matters

---

[4] The Court dismissed with prejudice Poullard's tort claims for abuse of process, invasion of privacy, and intentional infliction of emotional distress against Jones, the City of Fate, and Lorne Megyesi. *See* Doc. 41, Mem. Op. & Order, 35–36. All other claims contained in Poullard's Original Complaint were dismissed without prejudice. *See id.*

of public record." *Norris v. Hearst*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

To survive a motion to dismiss, a plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). That means "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alteration omitted).

B.      *Federal Rule of Civil Procedure 15*

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But this "generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). While Rule 15(a) indicates "'a bias in favor of granting leave to amend,' it is not automatic." *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Although the decision to grant leave remains within the district court's discretion, the court must have a "substantial reason" to deny leave. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In its discretion, the Court should consider several factors, including "undue delay, bath faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance

of the amendment, [and] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in original). Absent one of these factors, the Court should grant leave. *Id.* (citing *Foman*, 371 U.S. at 182).

## III.

## ANALYSIS

The Court first considers Gateway's motion and finds that Poullard's malicious prosecution claim should be dismissed. Then, the Court considers Jones's motion and finds that it should be dismissed. Finally, the Court considers Poullard's requests that she be granted leave to amend her complaint, *see* Doc. 47, Pl.'s Resp. (Gateway) and Doc. 49, Pl.'s Resp. (Jones), and determines that Poullard should be granted leave to amend her claims against Jones, but not Gateway.

A.    *Gateway's Motion*

Poullard brings a state law claim against Gateway for malicious prosecution. *See* Doc. 42, Am. Compl., ¶¶ 43–48.

As a preliminary matter, Poullard imputes Brown's conduct in identifying Poullard as Jane Doe to Gateway and premises her claims against Gateway largely on this. *See id.* ¶¶ 44–47. For the purposes of resolving these motions, the Court assumes without deciding that Brown's conduct may be properly imputed to Gateway.

Gateway challenges Poullard's amended complaint on two grounds. First, Gateway argues that Poullard's malicious prosecution claim is time-barred by the relevant Texas statute of limitations. Doc. 45, Gateway's Mot., 7–8. Second, Gateway argues that Poullard fails to plead facts

establishing every element of malicious prosecution.[5] *Id.* Though Poullard insists that she has properly pled the elements of malicious prosecution, she does not respond to Gateway's contention that her claim is time-barred. *See generally* Doc. 47, Pl.'s Resp. (Gateway). The Court agrees with Gateway that Poullard's claim is time-barred, and therefore declines to address whether she has sufficiently alleged the substantive elements of malicious prosecution.

"A statute-of-limitations defense may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to raise or set forth some basis for tolling the statute." *See Carmona v. City of Dallas*, 2020 WL 2812859, at *4 n.2 (N.D. Tex. May 28, 2020) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). In Texas, "[a] person must bring suit for malicious prosecution . . . not later than one year after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a). "Further '[a] malicious prosecution claim accrues on the date the prosecution ends,' which is 'when the formal criminal proceedings are terminated.'" *Martin v. Capital One Fin. Corp.*, 2020 WL 2850979, at *7 (N.D. Tex. June 2, 2020) (quoting *Greer v. Wal-Mart Stores, Inc.*, 2017 WL 6512558, at *2 (N.D. Tex. Dec. 19, 2017)).

In her amended complaint, Poullard alleges that she was arrested on August 22, 2018, and subsequently charged and jailed. Doc. 42, Am. Compl., ¶¶ 23–24. She proceeds to allege that "after 9 months of incarceration on the false charges, all charges against [her] in Rockwall County were

---

[5] To establish a claim for malicious prosecution in Texas, a plaintiff must show: "(1) commencement of a criminal prosecution against the plaintiff; (2) the defendant's initiation or procurement of that prosecution; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) lack of probable cause to initiate or procure the prosecution; (6) malice in filing the charge; and (7) damage to the plaintiff." *French v. French*, 385 SW.3d 61, 66 (Tex. App.—Waco 2012, pet. denied) (citing *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 n.3 (Tex. 2006)).

dismissed and [she] was freed from jail." *Id.* ¶ 34. Thus, per Poullard's pleadings, the one-year statute of limitations for her malicious prosecution claim began sometime in May 2019 and expired in May 2020. Because she did not file suit until August 21, 2020, and because she has not alleged any basis for tolling the statute of limitations, Poullard's malicious prosecution claim is time-barred. *See Martin*, 2020 WL 2850979, at *7. Consequently, the Court finds that dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6).

B.      *Jones's Motion*

     The Court now turns to Poullard's § 1983 false-arrest claim brought against Jones in his individual capacity. The issue presented is whether Poullard has sufficiently alleged that Jones tainted the deliberations of both the magistrate judge who issued a warrant for her arrest and the grand jury that indicted her.[6] The Court finds that she has not.

     1.   Judicial Notice of the Arrest Warrant, Arrest Warrant Affidavit, and Indictment

     As a threshold matter, in his earlier motion to dismiss Poullard's original complaint, Jones requested that the Court take judicial notice of his arrest warrant affidavit and the arrest warrant itself. *See* Doc. 18, Jones's Mot., 5. His present motion makes the same requests and adds a request that the Court take judicial notice of Poullard's grand jury indictment.[7] *See* Doc. 46, Jones's Mot., 5–7; *see also* Doc. 46-1, Jones's Ex. 1; Doc. 46-2, Jones's Ex. 2; Doc. 46-3, Jones's Ex. 3.

---

     [6] Because the Court agrees that the independent intermediary doctrine bars Poullard's claim, it declines to decide whether Jones is entitled to qualified immunity.

     [7] Jones submits that his counsel "was not aware at the time they filed [his] motion to dismiss Plaintiff's Original Complaint . . . that [Poullard], after being arrest[ed] by Jones, was later indicted by a grand jury for the same offense she had been arrested for by Jones." Doc. 46, Jones's Mot., 1 n.2.

### i. The arrest warrant and arrest warrant affidavit

As for the arrest warrant and arrest warrant affidavit, the Court reaches the same conclusions for the same reasons discussed in its Memorandum Opinion and Order granting Jones's motion to dismiss the original complaint. *See* Doc. 41, Mem. Op. & Order, 23–25. To reiterate, the Court agrees that, in deciding this 12(b)(6) motion, it is proper for it to take judicial notice of the arrest warrant as a matter of public record. *See Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014) (per curiam) (approving the district court's decision to take judicial notice of two arrest warrants in the docket of an underlying criminal case in ruling on a 12(b)(6) motion); *Dent v. Methodist Health Sys.*, 2021 WL 75768, at *2 (N.D. Tex. Jan. 8, 2021) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)) (taking judicial notice of an arrest warrant attached to defendant's motion to dismiss because it "is a public record that was filed in the Tarrant County court and bears the seal and signature of the magistrate judge"); *Causey v. Parish of Pangipahoa*, 167 F. Supp. 2d 898, 906 (E.D. La. 2001) (taking judicial notice of an arrest warrant attached to the defendant's motion to dismiss a plaintiff's § 1983 false-arrest claim); *Scott v. White*, 2018 WL 2014093, at *3 (W.D. Tex. Apr. 20, 2018) (noting that "district courts in this circuit have taken judicial notice of arrest warrants for the purpose of deciding motions to dismiss under Rule 12(b)(6)" and collecting cases).

Similarly, the Court agrees that the arrest warrant affidavit *itself* is a public record. *See Camacho v. Johnson*, 1998 WL 224529, at *10 (5th Cir. Apr. 17, 1998) (unpublished table opinion) (per curiam) (stating that an affidavit supporting an arrest warrant constitutes a public record); *Wright v. Sheriff*, 2021 U.S. Dist. LEXIS 174049, at *21 (S.D. Miss. Sept. 14, 2021). However, the Court remains unconvinced that it is appropriate to take judicial notice of potentially disputed *content* of the arrest warrant affidavit at the dismissal phase. *See Bryant v. Avado Brands, Inc.*, 187

F.3d 1271, 1279–80 (11th Cir. 1999) (noting that affidavits are "clearly the sort of evidentiary material that is not appropriate at the 12(b)(6) stage"); *Wright,* 2021 U.S. Dist. LEXIS 174049, at *21 (declining to take judicial notice of facts within an affidavit while considering a Rule 12(c) motion to dismiss); *Kaye v. Lone Star Fund V (U.S.), L.P.,* 453 B.R. 645, 665 (N.D. Tex. 2011) (noting that at the dismissal stage, it may be appropriate to take judicial notice of the existence of affidavits, but not of their disputed content). Therefore, the Court takes judicial notice of the arrest warrant in whole and of the arrest warrant affidavit only to the extent that "Jones swore to the facts contained in the arrest warrant affidavit and that the magistrate judge found those facts constituted probable cause to issue an arrest warrant." *See* Doc. 41, Mem. Op. & Order, 24–25.

       *ii. The grand jury indictment*

       The Court now considers whether to take judicial notice of the grand jury indictment. Like the arrest warrant, the indictment is a public record that was filed in the Rockwall County court. *See* Doc. 47-3, Jones's Ex. 3. "[S]uch court documents are matters of public record and may be considered in connection with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Gresham v. Wells Fargo Bank, N.A.,* 642 F. App'x 355, 357 n.4 (5th Cir. 2016); *see Doggins v. Green*, 2020 WL 6482981, at *2 n.2 (E.D. Tex. Aug. 17, 2020) (taking judicial notice of the plaintiff's indictment); *Colone v. Woods*, 2021 WL 1146201, at *6 (E.D. Tex. Feb. 23, 2021) (taking judicial notice of the plaintiff's indictment attached to the defendant's 12(b)(6) motion to dismiss); *Bettis v. City of Belton Tex. Police Dep't*, 2020 WL 2892608, at *1 n.1 (W.D. Tex. Mar. 9, 2020) (citing *Norris v. Hearst*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)); *Coleman v. Marion County*, 2015 WL 5098524, at *1 n.1 (S.D. Miss. Aug. 31, 2015) (citing *Norris*, 500 F.3d at 461 n.9) ("Although the indictment . . . [was] not part of the pleadings, the Court takes judicial notice of [it] in deciding this [(12)(b)(6)

motion."). Accordingly, the Court takes judicial notice of Poullard's grand jury indictment only to establish its existence.

### 2.   Independent Intermediary Doctrine

Having determined the materials it may consider, the Court now considers whether Poullard's claim is barred by the independent intermediary doctrine. "The Fourth Amendment protects individuals from unwarranted arrests by requiring that the officer have reasonable grounds to believe a crime has been committed." *Goodarzi v. Hartzog*, 2013 WL 3110056, at *8 (S.D. Tex. June 14, 2013) (citing *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 651 (S.D. Tex. 2000)). Particularly, "[a] police officer must make a determination of probable cause before he causes any significant pretrial restraint of liberty." *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992). Thus, "[t]o prevail on a § 1983 action for false arrest, the plaintiff must prove that the officer[] lacked probable cause to arrest him or her." *Johnson v. Crook*, 2014 WL 12526257, at *2 (W.D. Tex. July 9, 2014). "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655–56 (5th Cir. 2004) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)).

But "[u]nder the independent intermediary doctrine, '"if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation" for the Fourth Amendment violation.'" *Winfrey v. Rogers*, 901 F.3d 483, 496 (5th Cir. 2018) (quoting *Jennings v. Patton*, 644 F.3d 297, 300–01 (5th Cir. 2011)). The doctrine applies even if the officer acted with malice, even if the intermediary's actions occurred post-arrest, and even if the arrestee was never convicted of a crime, so long as "*the facts* supporting

the warrant or indictment are put before an impartial intermediary." *Id.* at 497 (quoting *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016)).

However, the independent intermediary doctrine does not apply "if 'it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)); *see Sinegal v. City of El Paso*, 414 F. Supp. 3d 995, 1002 (W.D. Tex. 2019). "[A]lthough . . . 'mere allegations of "taint"' are insufficient at summary judgment . . . such allegations may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference." *See McLin v. Ard*, 866 F.3d 682, 690 (5th Cir. 2017) (quoting *Cuadra*, 626 F.3d at 813). Put differently, to overcome the independent intermediary doctrine at the dismissal stage, Poullard must bring specific, nonspeculative allegations that Jones deliberately or recklessly provided false information to the independent intermediary. *See Anokwuru v. City of Houston*, 990 F.3d 956, 964 (5th Cir. 2021).

Here, Jones argues that two separate intermediaries—the magistrate in issuing the arrest warrant and the grand jury in returning the indictment—broke the casual chain between Jones and Poullard's arrest. *See* Doc. 46, Jones's Mot., 7–8. Poullard responds by asserting that Jones "deliberately and recklessly withheld material information" from the magistrate judge, thus "taint[ing] the magistrate's determination of probable cause." Doc. 49, Pl.'s Resp. (Jones), 9. Poullard does not, however, respond to Jones' argument concerning the grand jury. *See generally id.*

In considering the actions of multiple independent intermediaries, the Court need only consider whether one act was sufficient to break the casual chain and immunize Jones. *See Buehler v. City of Austin/Austin Police Dep't*, 2015 WL 737031, at *13 n.5 (W.D. Tex. Feb. 20, 2015) ("In

- 12 -

light of the grand jury's independent role in finding probable cause, the Court . . . declines to address Defendants' contention that the magistrate's warrants insulate the Officers by breaking the chain of causation. Similarly, the Court declines to address Buehler's contention that the arrest warrants did not insulate the Officers because the Officers lied or omitted material facts in the warrant affidavits."), *aff'd*, 824 F.3d 548 (5th Cir. 2016); *see also Frank v. City of Ville Platte*, 2019 WL 1064261, at *8 (W.D. La. Mar. 6, 2019) (determining that a post-arrest, preliminary hearing finding probable cause barred the plaintiff's claims, but noting that the plaintiff "was initially arrested pursuant to a warrant, which would have also required a finding of probable cause by an independent intermediary"). Therefore, the court next considers the actions of each intermediary.

> ### i. The magistrate's arrest warrant

Jones argues that the magistrate's finding of probable cause in issuing Poullard's arrest warrant bars her claims. According to Jones, Poullard's amended complaint fails to put forth enough factual allegations that Jones tainted the magistrate's decision to survive the independent intermediary doctrine. The Court disagrees.

Poullard alleges that Jones obtained Eric Brown's identification of Poullard by showing Brown a lone image of Poullard without any other options available to choose from. Doc. 42, Am. Compl., ¶¶ 16–17. She further claims that Jones thereafter "created an Affidavit of Probable Cause wherein he misrepresented the process used to identify Plaintiff as a target of his investigation." Doc. 42, Am. Compl., ¶ 20. This misrepresentation, Poullard contends, prevented the magistrate from contextualizing "the only inculpatory evidence against Plaintiff, the identification[.]" *Id.* ¶ 21. The Court finds these allegations, taken as true, and viewed in the light most favorable to Poullard, are

sufficient to establish the "taint" exception to the independent intermediary doctrine at the dismissal stage. *See McLin*, 866 F.3d at 690. The Court next considers the effect of the grand jury indictment.

### ii. The grand jury indictment

Jones next argues that even if the magistrate's probable cause determination was tainted, Poullard still fails to allege that Jones tainted the proceedings of the grand jury that indicted her. Doc. 46, Jones's Mot., 10. Poullard's amended complaint makes no mention of the grand jury proceedings, *see generally* Doc. 42, Am. Compl., but, as discussed above, the Court takes judicial notice of the grand jury's indictment. Further, Poullard's response is silent as to the effect of the grand jury indictment on her claim. *See generally* Doc. 49, Pl.'s Resp. (Jones).

Given the omission, the amended complaint necessarily fails to allege that Jones tainted the grand jury's deliberations as necessary to defeat his independent intermediary defense. To be clear, "[t]he Court is not requiring [Poullard] to prove the impossible—what occurred inside the secret proceedings of a grand jury." *Miller v. Stroman*, 2020 WL 2499757, at *6 n.2 (W.D. Tex. May 14, 2020) (citing *McLin*, 866 F.3d at 690). However, Poullard's failure to plead that the grand jury proceeding was, in any way, tainted by Jones precludes her recovery under the independent intermediary doctrine. Thus, dismissal is proper under Rule 12(b)(6).

### C.   Poullard's Requests for Leave to Amend

Poullard asks that if the Court finds her complaint deficient, she be afforded leave to amend her claims to address their defects. Doc. 49, Pl.'s Resp. (Jones), 12; Doc. 47, Pl.'s Resp. (Gateway), 10–11. While "the court should freely give leave [to amend] when justice so requires[,]" it need not do so when amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2); *FDIC v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). In determining whether amendment would be futile, the Court considers

whether "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

### 1.   The Court Denies Poullard Leave to Amend her Claim Against Gateway

As discussed above, the Court finds that Poullard's claim against Gateway is time-barred. The Court thus finds that any amendment would be futile. *See FDIC*, 20 F.3d at 1385; *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Therefore, having already granted Poullard leave to amend once, *see* Doc. 41, Mem. Op. & Order, the Court declines to grant Poullard leave again and dismisses her claim against Gateway with prejudice.

### 2.   The Court Grants Poullard Leave to Amend her Claim Against Jones

Poullard's claim against Jones, unlike her claim against Gateway, is not subject to an incurable defect. The Court's dismissal of Poullard's claim against Jones results from Poullard's failure to allege that Jones tainted the grand jury deliberations. Jones argues that "[s]ince grand jury deliberations are secret, Plaintiff will be unable to obtain knowledge about what information was presented and utilized by the grand jury in its deliberations and thus, will be unable to allege sufficient facts demonstrating that the grand jury's deliberations were tainted by Jones." Doc. 51, Jones's Reply, 6. The Court disagrees.

Taking Jones's reasoning as true, no plaintiff alleging a § 1983 false arrest claim could survive a 12(b)(6) motion to dismiss where a grand jury indictment is present. But courts in this circuit have indicated the opposite. *See Wooten v. Roach*, 431 F. Supp. 3d 875, 897 (E.D. Tex. 2019) (denying a 12(b)(6) motion because the plaintiff put forth plausible allegations "that the chain of causation was not broken based on the presentation of evidence to the grand jury"); *Winfrey*, 901 F.3d at 497 (reversing the district court's grant of summary judgment and holding that the independent

- 15 -

intermediary doctrine did not apply where "the only information before [the] grand jury was the information in [the officer's] affidavit," which the court had found contained material omissions); *see also Miller*, 2020 WL 2499757, at *6 n.2 (granting the defendant's motion to dismiss but commenting that it was not asking plaintiff to "prove the impossible").

Granted, Poullard may face an uphill battle to show that Jones tainted the grand jury deliberations. "[R]ank speculation" and "guessing" as to "what took place before the grand jury and who testified before the grand jury" is insufficient. *See Miller*, 2020 WL 2499757, at *7. But the Court is not convinced that allowing Poullard to amend her claim against Jones is, by its nature, an exercise in futility. Moreover, because a judicially noticed fact—Poullard's grand jury indictment—is central to the Court's decision to dismiss Poullard's claim, the Court concludes that "justice . . . requires" that she be granted the opportunity to amend. *See* Fed. R. Civ. P. 15(a)(2). Accordingly, the Court **ORDERS** Poullard to file an amended complaint within **FOURTEEN (14)** days of the date of this Order.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Gateway's motion to dismiss (Doc. 45) and **ORDERS** that Poullard's claim against Gateway is **DISMISSED WITH PREJUDICE**. Additionally, the Court **GRANTS** Jones's motion to dismiss (Doc. 46) and **ORDERS** that Poullard's claim against Jones is **DISMISSED WITHOUT PREJUDICE**. Finally, the Court **GRANTS** Poullard one opportunity to amend her complaint to remedy the deficiencies noted in this Order. Poullard must file her amended complaint within **FOURTEEN (14)** days of this Order.

SO ORDERED.

SIGNED: September 17, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE